IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

| | |
|---|---|
| HOWER YEFFRSO SEPULVEDA-LEYTON,<br><br>Petitioner,<br><br>vs.<br><br>DAVID O'NEILL, ACTING FIELD OFFICE DIRECTOR OF ENFORCEMENT AND REMOVAL OPERATIONS, PHILADELPHIA FIELD OFFICE, IMMIGRATION AND CUSTOMS ENFORCEMENT; SECRETARY KRISTI NOEM, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY; PAMELA BONDI, U.S. ATTORNEY GENERAL; AND LEONARD ODDO, WARDEN OF MOSHANNON VALLEY PROCESSING CENTER;<br><br>Respondents. | Civil Action No. 3:25-cv-00498<br><br>United States Magistrate Judge Christopher B. Brown |

MEMORANDUM OPINION GRANTING PETITION
FOR WRIT OF HABEAS CORPUS, ECF NO. 1[1]

Christopher B. Brown, United States Magistrate Judge

    Presently before the Court is a counseled petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed on behalf of Petitioner, Hower Yeferson Sepulveda-

---

[1] All parties have consented to full jurisdiction before a United States Magistrate Judge, including entry of a final judgment, under 28 U.S.C. § 636(c). See ECF Nos. 6 and 8.

Leyton, who is a non-citizen[2] that is presently detained in an immigration detention center located in the Western District of Pennsylvania. ECF No. 2.

Before the Court is a dispute about which section of the Immigration and Nationality Act ("INA") applies to Sepulveda-Leyton, namely 8 U.S.C. § 1225(b)(2)(A) or § 1226(a). The application of one versus the other matters as Section 1225(b)(2)(A) mandates his detention, while Section 1226(a) is discretionary and affords him the statutory right to a bond hearing before an immigration judge.[3]

---

[2]   This Memorandum Opinion uses the term "noncitizen" as equivalent to the statutory term "alien." See Nasrallah v. Barr, 590 U.S. 573, 578 n.2 (2020). See 8 U.S.C. § 1101(a)(3) ("[t]he term 'alien' means any person not a citizen or national of the United States.").

[3]   Title 8, U.S.C. § 1225(b)(2)(A) states, in relevant part:

(2) INSPECTION OF OTHER ALIENS

  (A) In general

   Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

8 U.S.C. § 1225(b)(2)(A) (emphasis added).

   As a matter of comparison, 8 U.S.C. § 1226(a) states, in relevant part:

(a) ARREST, DETENTION, AND RELEASE

   On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—

     (1) may continue to detain the arrested alien; and
     (2) may release the alien on—

       (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General ...

8 U.S.C. § 1226(a).

Sepulveda-Leyton asks the Court to grant him habeas relief in finding that Section 1226(a) applies to him, not Section 1225(b)(2)(A), and Order the Government to conduct a bond hearing or in the alternative to order his immediate release. ECF No. 2 at 12-13. The Government responds that "[t]his case presents a simple application of 8 U.S.C. § 1225," and Sepulveda-Leyton "must be detained without a bond hearing." ECF No. 9 at 1, 9.

For the reasons that follow, the Court will grant the Petition and order Sepulveda-Leyton be provided a bond hearing before a neutral immigration judge of the Executive Office of Immigration Review by January 14, 2026. The Petition will be denied in all other respects.

I.    Jurisdiction

In general, federal courts have jurisdiction to hear habeas corpus petitions from noncitizen detainees who claim their civil detention violates the "Constitution or laws . . . of the United States[.]" 28 U.S.C. § 2241; Zadvydas v. Davis, 533 U.S. 678, 688 (2001). Here, Sepulveda-Leyton seeks habeas relief arguing he is being unlawfully detained without eligibility for a bond hearing under Section 1225(b)(2)(A) of the INA when, in fact, he is detained under Section 1226(a) "that allows for release on conditional parole or bond." ECF No. 2, ¶ 7.

II.   Factual Background

The record reflects Sepulveda-Leyton is a 38-year-old native and citizen of Columbia[4] who entered the United States near Eagle Pass, Texas, around November 4, 2022, "without inspection. DHS agents detained Petitioner on his entry and subsequently released him." ECF No. 2, ¶ 2; ECF No. 10-2 at 2-3. Approximately six months later, Sepulveda-Leyton was issued a Notice on May 23, 2023 to appear before an immigration judge as he was being charged with being an alien present in the United States without admission or parole. Id., ¶ 3; ECF No. 9, at 2; ECF No. 10-1 at 2. He appeared as directed and at that time was enrolled in "monthly biometric reporting." ECF No. 10-2 at 3. The record also reflects that Sepulveda-Leyton has an approved I-765, which authorizes him to work in the United States. Id.; see also https://www.uscis.gov/i-765, Application for Employment Authorization. Sepulveda-Leyton's individual merits hearing before an immigration judge is not scheduled until September 10, 2027, over 20 months from now. Id.

On November 26, 2025, Sepulveda-Leyton reported at his regularly scheduled appointment at the DHS office in York, PA and was arrested, served with a Record of Deportable / Inadmissible Alien, and transferred to Moshannon Valley Processing Center pending hearing and removal from the United States. ECF No. 2, ¶¶ 4, 44;

---

[4]   The Petition indicates Sepulveda-Leyton is a citizen of Mexico. However, the Response and the Notice to Appeal both indicate Sepulveda-Leyton is a native and citizen of Columbia. ECF No. 9 at 2; see also ECF No. 10-1; 10-2 at 3. And the ICE Detainee Locator reflects Sepulveda-Leyton's country of birth is Columbia. See https://locator.ice.gov/odls/#/results (last viewed 12/31/2025).

ECF No. 9, at 2; ECF No. 10-2 at 3. Sepulveda-Leyton argues he is not able to obtain review of his custody by an immigration judge because of the Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I & N Dec. 216 (BIA 2025). ECF No. 2 at ¶ 6.

III.    Federal Habeas Proceedings

On December 10, 2025, counsel for Sepulveda-Leyton filed the instant habeas petition under 28 U.S.C. § 2241. ECF No. 2. Sepulveda-Leyton is seeking relief on three claims. ECF No. 2, ¶¶ 48 – 58. Of them, the only issue before the Court is a statutory interpretation involving whether Sepulveda-Leyton is entitled to a bond determination under 8 U.S.C. § 1226(a) or whether he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). ECF No. 2, ¶¶ 48 - 50.

The matter is fully briefed and ripe for disposition. See ECF Nos. 1 and 9. For the reasons below, the Court concludes Sepulveda-Leyton is entitled to a bond hearing under Section 1226(a), but he has not shown that he is entitled to immediate release.

IV.    Discussion

Here, Sepulveda-Leyton admits he is a noncitizen who entered the United States without inspection. ECF No. 2, ¶ 2. It was only after he entered and resided in the United States for over three years that he was arrested and detained. Id. Sepulveda-Leyton argues that noncitizens such as him who are subject to removal proceedings have traditionally been detained under Section 1226(a) and granted bond hearings. Id. He further argues that it wasn't until July of 2025 that

5

ICE, in an apparent matter of statutory interpretation, changed its position to deem noncitizens like him to be "applicants for admission" such that it subjected him to mandatory detention under Section 1225(b)(2)(A) rather than discretionary detention under Section 1226(a). Id. at 1 and 2. Accordingly, this case presents a relatively new question for this Court which it recently addressed in two similar cases. That is, whether a noncitizen who is already present in the United States, not at its port of entry seeking admission, is deemed an "applicant for admission" subjecting him or her to mandatory detention under Section 1225(b)(2) or, if not, subjecting him or her to discretionary detention with a right to a bond hearing under Section 1226(a). See Nunez Ramos v. Noem, Case No. 3:25-cv-387, 2025 WL 3687335 (W.D. Pa. Dec. 19, 2025) (Brown, M.J.) (rejecting Hurtado decision);Vasquez Mejia v. Noem, et al., Case No. 3:25-cv-333, 2025 WL 3546427 (W.D. Pa. Dec. 11, 2025) (Brown, M.J.) (same). See also Calzado Diaz v. Noem, et al., Case No. 3:25-cv-0458, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025) (Haines, J.) (same); Fanduiz-Martinez v. Oddo, Case No. 3:25-cv-355; 2025 3704292 (Dec. 22, 2025) (Kelly, M.J.); Genner Neftali Ico Coc v. Oddo, Case No. 3:25-cv-381, 2025 WL 3753965 (W.D. Pa. Dec. 29, 2025) (Taylor, M.J.) (same).

    As the Supreme Court observed,

> "our immigration laws have long made a distinction between those aliens who have come to our shores seeking admission . . . and those who are within the United States after an entry, irrespective of its legality. In the latter instance the Court has recognized additional rights and privileges not extended to those in the former category who are merely 'on the threshold of initial entry."

6

Leng May Ma v. Barber, 357 U.S. 185, 187 (1958) (quoting Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206 (1953)); see also Zadvydas v. Davis, 533 U.S. 678, 693 (2001) ("But once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.").

The parties' dispute is fundamentally a dispute about statutory interpretation. Sepulveda-Leyton alleges that being detained without a bond determination hearing violates his right to due process. ECF No. 2, ¶ 58. The Government argues Sepulveda-Leyton is not entitled to a bond hearing because he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) as he entered the United States illegally and therefore remains an "applicant for admission" based on his undocumented status. ECF No. 9 at 9 - 12. Additionally, the Government argues that because Sepulveda-Leyton was arrested on November 26, 2025, which is less than three months ago, his detention is presumptively reasonable and there is "no lack of procedural due process – nor any deprivation of liberty that is 'sufficiently outrageous," as required to establish a substantive due process claim." ECF No. 15-16 (citations omitted).[5]

The Court finds that Section 1226(a) applies and therefore Sepulveda-Leyton is subject to discretionary detention. The plain language of the mandatory

---

[5] Because the result of this case turns on a statutory interpretation, it is not necessary for the Court to delve into a due process analysis.

detention provision of Section 1225(b)(2)(A) requires that the "applicant for admission" be just that, an individual "seeking admission." 8 U.S.C. 1225(b)(2)(A). The INA defines "admission" and "admitted" as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(a). By using the term "seeking admission," Section 1225(b)(2)(A) limits its statutory application to aliens actively attempting to enter the United States lawfully at its port of entry and does not extend to those already present in the United States who previously entered without inspection. That interpretation is supported by Section 1225's repeated reference to "arriving aliens"[6] and the existence of Section 1226 - a separate statute that allows for detention and removal of aliens, i.e. noncitizens, who are already present in the country.

In Jennings, the Supreme Court of the United States discussed the differences between Section 1225(b) and 1226(a). Jennings v. Rodriguez, 583 U.S. 281, 289 (2018). In that case, the Supreme Court explained that Section 1225 authorizes the Government to detain certain noncitizens seeking admission into the United States under §§ 1225(b)(1) and (b)(2), id. at 289, and described Section 1226, as setting out the "default rule," which applies to those noncitizens who are "already present inside the United States. Id. at 303 ("§ 1226 applies to aliens already

---

[6] "The term arriving alien means an applicant for admission coming or attempting to come into the United States at a port-of-entry, or an alien seeking transit through the United States at a port-of-entry, or an alien interdicted in international or United States waters and brought into the United States by any means, whether or not to a designated port-of-entry, and regardless of the means of transport." 8 C.F.R. § 1001.1(q).

present in the United States. Section 1226(a) creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings.").

It has been "DHS's longstanding practice of treating noncitizens arrested while living in the United States, including those who entered without inspection, as detained under Section 1226(a)." Rodriquez v. Bostock, 779 F. Supp. 3d 1239, 1260 (W.D. Wash. 2025). Despite this "longstanding practice," on July 8, 2025, ICE issued a new interim guideline changing its policies regarding Section 1226(a):

> Effective immediately, it is the position of DHS that such aliens are subject to detention under Immigration and Nationality Act ("INA") § 235(b) [8 U.S.C. § 1225(b)(2)] and may not be released from ICE custody except by INA § 212(d)(5) [8 U.S.C. § 1225(b)(5)]." . . . For custody purposes, these aliens are now treated in the same manner that "arriving aliens" have historically been treated.

ECF No. 1, ¶ 21 (citing ICE Memo: Interim Guidance Regarding Detention Authority for Applicants for Admission, https://www.aila.org/library/ice-memo-interim-guidance-regarding-deention-authority-for applications-for-admission). On September 5, 2025, the Board of Immigration Appeals adopted and applied this new policy in Matter of Yajure Hurtado, 29 I & N Dec. 216 (BIA 2025). Id., ¶ 25.

Since DHS's change in policy, the Court notes, the overwhelming majority of district courts in this country to have addressed the distinction between Section 1225(b) and Section 1226(a) have found that Section 1226(a), rather than the mandatory detention provision of Section 1225(b), applies to a noncitizen similarly

9

situated to Sepulveda-Leyton who is not seeking admission at a port of entry, but rather present in the United States. See, e.g., Bethancourt Soto v. Soto, -- F. Supp. 3d --, No. 25-cv-16200, 2025 WL 2976572, at *7 (D.N.J. Oct. 22, 2025) (collecting cases). This Court has carefully reviewed these decisions and agrees with the growing consensus.

Here, the Court finds it would be more accurate to describe Sepulveda-Leyton as "already in the country" or "already present in the United States" rather than as "seeking admission into the country" – there is no dispute that at the time of his being arrested and charged with removability Sepulveda-Leyton had been in the United States for over three years and was not actively seeking admission at its port of entry. Under such circumstances, Sepulveda-Leyton's argument that he is subject to Section 1226(a) is consistent with the plain language of the statute and is consistent with the Supreme Court's discussion in Jennings.

Accordingly, the Court concludes that his detention is thus governed by Section 1226(a). As a noncitizen detained under Section 1226(a), Sepulveda-Leyton has a statutory right to a bond hearing. See Jennings, 583 U.S. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1), 1236(d)(1)). In making this finding the Court reiterates it is not making any recommendation whatsoever regarding Sepulveda-Leyton's ultimate detention or release. Rather the Court finds, as a matter of statutory interpretation, that he is entitled to bond a hearing. Any other relief requested by Sepulveda-Leyton in his Petition, such as

immediate release or that the Government be enjoined from transferring him outside this judicial district pending this litigation, will be denied.  ECF No. 2, at 12.  An appropriate Order follows.

DATED this 5th day of January, 2026.

BY THE COURT:

s/Christopher B. Brown
Christopher B. Brown
United States Magistrate Judge


cc: All Counsel of Record
 (via ECF electronic notification)